## Charles L. Wood, Plaintiff in Error, v. Minnie N. Foster, Defendant in Error.

## Gen. No. 17,658.

1. BROKERS—*commissions.* Where plaintiff enters into a written contract with defendant to act as her agent in the sale of her property and is to receive a fixed compensation, it is a question for the jury whether there is an oral agreement that defendant is to receive extra for additional work in persuading vendee to assume liability for special assessments.

2. EVIDENCE—*effect of statement of amount due for services.* The fact that plaintiff, who acted as agent for defendant in the sale of her property, renders a statement for the amount due for commissions and services on the day the deed is delivered is not conclusive evidence that plaintiff is not entitled to additional compensation for extra services.

3. PRACTICE—*when improper to direct verdict.* In an action for one half the amount of special assessments, which amount plaintiff claims defendant promised to pay him for inducing the vendee to whom he sold her property to assume such special assessments, it is error to direct a verdict for defendant where there is a conflict in the evidence.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed June 24, 1913.

E. F. MASTERSON, for plaintiff in error.

GUERIN, GALLAGHER & BARRETT, for defendant in error.

MR. PRESIDING JUSTICE' CLARK delivered the opinion of the court.

This suit was brought by the plaintiff in error, hereinafter called the plaintiff, against the defendant in error, hereinafter called the defendant, upon a contract for services. There was a trial before the court and a jury. The jury, by direction of the court, returned a verdict in favor of the defendant.

The abstract is defective. It does not contain a synopsis either of the statement of claim or the amended statement. We have, however, gone to the record, and find plaintiff's claim to be for "$409.50 for services rendered the defendant at her special instance and request on or about March 5th, 1907, as per a prior agreement, relating to the special assessment, confirmed June 30th, 1904, for curbing, grading and paving Green Street, Chicago, and for Seventy-five Dollars interest thereon since said services rendered."

The defendant's affidavit of merits is not given in the abstract. We have gone to the record for that and find that the defense consisted in the alleged fact that "on or about March 7, 1907, the defendant paid plaintiff in full for all services performed for her to date * * * that no agreement, special or otherwise, was made between plaintiff and defendant for payment by defendant to plaintiff of the amount sued for in this case, or any part thereof."

The defendant and plaintiff entered unto a written contract as follows:

"CHICAGO, January 28, 1907.

"Mr. Charles L. Wood, DEAR SIR: In consideration of your services in connection with the sale of the premises, Nos. 16, 18, 20 and 22 So. Green Street, Chicago, Illinois, I hereby agree to pay you the sum of Nine Hundred and Forty Dollars ($940), in addition to the regular 2½% commission.

"The sale is to be at the price of $32,900.

"This agreement is void, if said sale is not consummated on or before April 1, 1907.

"Yours truly,

"MRS. MINNIE N. FOSTER.

"Price and conditions accepted.

"C. L. WOOD."

It appears that a sale of the property was had to one Allis at the price of $32,900, and that Allis assumed all instalments of special assessments not then due.

It is the contention of the plaintiff that after making

the written contract with Mrs. Foster, and on the same day, the fact that there were unpaid instalments of special assessments was discussed, and that Mrs. Foster agreed with him that if he could relieve her in some way from having to pay them, she would pay him, in addition to the amounts mentioned in the written contract, one-half of the amount thus saved by her; that the plaintiff had prepared a form of contract to be executed by Mrs. Foster and Allis, in which the vendee agreed to pay the instalments of special assessments referred to, that after Mrs. Foster had signed the contract he took it to Allis and succeeded in persuading him to sign it, and thereafter succeeded, when the transaction was closed, in getting Allis to accept a warranty deed in accordance with the terms of the contract, in and by which deed Allis assumed the payment of the assessments. The amount of these assessments was $819.12.

The testimony of Barbara Schottler, who had an office in the same suite with the plaintiff, was taken, and was to the effect that in the early part of February, 1907, the defendant came to the office of the witness, who had had charge of collecting rents on the property; that the plaintiff was present, and that there then occurred a conversation between the plaintiff and the defendant, in which the matter of the special assessments was mentioned; that the defendant expressed her hope that she would be able to "get rid of paying" the assessments; that defendant said that she had offered Mr. Wood one-half of the special assessment judgment against her property "if she could get rid of paying."

The testimony of the plaintiff with respect to what occurred on the day the written agreement was entered into was denied by the defendant and to some extent, at least, her denial was corroborated by her two sons who were present. Defendant denied most of the statements made by Miss Schottler, but did not deny

her testimony to the effect that defendant had requested her to use her influence in getting the plaintiff to take less than one-half of the $819.12.

It is to be noted that the original contract of employment is dated January 28, and that the transaction was closed on March 5th.

It is the contention of the defendant that the judgment should be affirmed because the subsequent oral promise of the defendant to pay the plaintiff compensation for his services, if ever made, was void for want of consideration, for the reason that in the prior written contract the plaintiff had obligated himself to perform all services in connection with the sale. The case of *Kerfoot v. Steele,* 113 Ill. 610, is cited as a controlling authority. In that case, as in this, a written agreement was entered into, and before the sale was completed Kerfoot & Co. were required to perform a large number of services which, it was claimed by them, were not included in the written agreement.

Under the terms of the written agreement herein, which fixed the minimum price of the sale at $32,900, Mrs. Foster would have been obliged to pay the special assessments referred to, if they had become a lien upon the property, as they apparently had. The contract at that time had not been signed by Allis, and the contention of the plaintiff is that he performed additional services by virtue of the oral agreement.

In the case last referred to it was said: "To found a claim for additional compensation, fairness would seem to have required that defendants should have been given distinctly to understand, before rendering the services, that additional compensation would be asked for them."

The contention of the plaintiff is that not only was defendant given distinctly to understand that additional services would be rendered, but that she contracted that if these additional services resulted in the saving to her of the amount of the special assessments,

the plaintiff should have as additional compensation one-half such amount.

If the testimony of the defendant is to be believed, the written contract must be said to have provided for the payment to the plaintiff of compensation for all services performed by him in the transaction. If, on the other hand, the testimony of the plaintiff is to be believed, he would be entitled to additional compensation. It was for the jury to determine, under all the facts and circumstances of the case, who was telling the truth.

There was testimony in the record tending to show that a blank check signed by the defendant was given to the plaintiff, which he was authorized to use in paying the special assessments, if he could not persuade the purchaser to assume such liability. On the other hand, at the time the deed was delivered a statement was rendered by the plaintiff in which was this item: "Com. and service on sale, $1762.50." It is argued by the defendant that payment of this amount having been made by the defendant on that day, it is conclusively shown that the plaintiff understood the contract to be as claimed by the defendant. The argument is persuasive but not conclusive.

The trial court erred in directing a verdict for the defendant. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*